November 17, 1977

## 77–65 MEMORANDUM OPINION FOR THE GENERAL COUNSEL OF THE FEDERAL DEPOSIT INSURANCE CORPORATION

### Acceptance of Cash Prize by a Federal Deposit Insurance Corporation Examiner

You have inquired whether, in light of the prohibitions contained in 18 U.S.C. § 213, an examiner employed by the Federal Deposit Insurance Corporation (FDIC) may accept a cash prize from a grocery store affiliated with a bank examined by that official.

We understand that all the names and telephone numbers from a town's telephone directory were placed into a drum and that each week the grocery store manager drew a name and telephoned that individual. If the individual had made a purchase during that week (as evidenced by a card stamped by a store clerk and given each customer making a purchase), he or she would win the prize. If the individual had not made a purchase, no prize was awarded and the amount of the prize plus an additional $100 would be carried over to the next week. In this case, the examiner won a prize amounting to $1,000.

Section 213 prohibits an examiner or assistant examiner from accepting a "loan or gratuity" from any bank examined by him or "from any person connected therewith." We understand that this statutory language has been interpreted by the FDIC to prohibit an FDIC examiner from accepting a loan or gratuity from any bank examined by him or from any entity affiliated with the bank through a bank holding company or otherwise. As mentioned above, the grocery store is apparently affiliated with a bank examined by the examiner.

We do not believe that the cash prize, randomly awarded, should be regarded as a "gratuity" within the meaning of § 213. Its predecessor was enacted as § 22 of the Federal Reserve Act of 1913, 38 Stat. 272. The report of the House Committee on Banking and Currency described the provision in the following terms:

> In this section it is sought to correct a bad practice, all too prevalent, of paying fees to bank examiners in order that they may

make a favorable report upon the condition of a bank; . . . The extent of [this practice] cannot be stated, but that [it prevails] is certain; and it is equally clear that [it is] opposed to public welfare and to sound banking, besides being wholly at variance with fundamental principles of honorable personal conduct. H.R. Rep. No. 69, 63d Cong., 1st Sess., 72 (1913).

It appears from this description that Congress intended to bar payments specifically directed at bank examiners and therefore likely to have a corrupting influence. *See also, United States* v. *Bristol,* 473 F. 2d 439, 442–43 (5th Cir. 1973). A prize awarded on a random basis meets neither of these tests, and we see no reason to give the statute an expansive reading to cover a situation, such as that present here, where the principal aims of the statute would not be advanced.

Therefore, based on the facts as given to us, we see no legal objection to the bank examiner's acceptance of the cash prize.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*